## CAMERON COUNTY et al. v. FOX et al.
### No. 8938.

Court of Civil Appeals of Texas. San Antonio.

Dec. 7, 1932.

Rehearing Denied Jan. 4, 1933.

See, also (Civ. App.) 42 S.W.(2d) 653.

H. L. Faulk, of Brownsville, for appellants.

West & Hightower and Davenport, West & Ransome, all of Brownsville, for appellees.

FLY, C. J.

Cameron county, through its county judge, sought to recover of James J. Fox, H. M. Skelton, John P. Scanlan, and American Surety Company of New York, taxes alleged to have been collected and appropriated by Fox, as collector of taxes for the county and two drainage districts.

Through an amended petition and several answers filed herein, the cause has been so complicated and obscured that it is difficult to unravel the mazes and arrive at a plain statement of the issues.

It was alleged that Fox was tax collector for the county and drainage districts from 1919, up to the time of filing suit, which date has not been revealed, as would have been proper in the amended petition. It was sought to recover the taxes which had been collected by Fox, which he claimed to have paid to Skelton on a contract held by him to collect back taxes. The sum of $4,484 was paid by the surety company, and Scanlan, the district clerk, seems to have appropriated that which was in custodia legis and disappeared. The court rendered judgment that the county take nothing as to Fox and the surety company and that Skelton recover the sum of $4,484 from Scanlan, the clerk, and his surety, the American Surety Company.

The first seven propositions contend that the county having denied the claim of Skelton in July, 1920, and Skelton not having filed suit for same until October, 1928, his claim was barred by limitation. When the county denied the claim of Skelton in 1920 and refused payment, the statute began to run. Afterwards, more than four years before Skelton filed his answer and cross-action, Fox, as collector, refused to pay him the $4,484 on his claim and stated to him that the county had instructed him not to pay the debt. Fox held it and paid it into court on orders therefrom, and it was placed in the hands of Scanlan to be held as in custodia legis. After Scanlan absconded with the money the American Surety Company, as the surety on his bond, became liable. Skelton having forfeited his claim by limitation, the money of course was the property of the county and the county should have recovered it. The only answer made by Skelton to the plea of limitation is that the trial judge had determined that he had earned the amount deposited in the court, which is no answer whatever. The only question is: Had four years elapsed without action upon the part of Skelton to recover the amount he claimed from the county? Skelton stated that he had not been paid anything since 1922. The suit was instituted on October 28, 1928. By a calculation of the items constituting the $4,484, it is evident that the claim must have accrued before 1920. Skelton knew at least six years before he filed his answer claiming the commissions, that the county had denied him any further payments. The statute of limitation began to run against the contract, by the admission of Skelton, in 1922, when Fox told him he had been instructed not to pay him any more on the contract.

It is the judgment of this court that the judgment be reversed; that appellants recover of John P. Scanlan and the American Surety Company the sum of $4,484, with 6 per cent. interest thereon from January 8, 1929, when it was paid to Scanlan; that Skelton recover nothing on his cross-action; and

that nothing be recovered against Fox or his surety. It is further ordered that the costs be paid by H. M. Skelton, John P. Scanlan, and the American Surety Company.